**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 14, 2023**

# In the Court of Appeals of Georgia

A23A0132. JOHNSON v. THE STATE.

DOYLE, Presiding Judge.

This is Kelsey Johnson's second direct appeal after his convictions for rape and aggravated assault.[1] In his first appeal ("*Johnson I*"), we remanded to the trial court to make on-the-record findings regarding whether his prior convictions, which were over ten years old, were admissible under OCGA § 24-6-609 (b).[2] The trial court entered an amended order with the requisite findings and determined that the convictions were admissible. On appeal, Johnson argues that the trial court erred in

---

[1] See OCGA §§ 16-6-1 (a) (1); 16-5-21 (a) (3).

[2] See *Johnson v. State*, 364 Ga. App. 44, 48-49 (3) (873 SE2d 704) (2022).

that determination, and also argues that the cumulative effect of the court's errors requires a new trial.[3] For the reasons set forth below, we affirm.

We summarized the facts, viewed in the light most favorable to the convictions, in Johnson's previous appeal:

> In the early morning of February 8, 2015, Johnson encountered the victim, J. Z., at a gas station. J. Z. agreed to have sex with Johnson in exchange for drugs, and J. Z. got into Johnson's vehicle. Johnson took J. Z. back to his residence. While in his bedroom, Johnson became aggressive, and J. Z. told him that she wanted to go home. Johnson refused to let her go. Johnson proceeded to rape J. Z. repeatedly despite J. Z.'s multiple protests. Johnson choked J. Z. and held her against the bed the entire night.
>
> That morning, Johnson wanted to go to buy cocaine, and J. Z. convinced Johnson that she would not leave. As soon as Johnson left, J. Z. got dressed and fled the residence. She ran to a neighbor's house and told the family that she had been raped and held hostage all night. The neighbors called the police. While J. Z. was in the neighbor's house, two men — later identified by the police as Johnson's father and brother — drove up and asked the neighbors whether they had seen a white lady or "white bitch" running around. The neighbors denied that they had seen her.

---

[3] We declined to address Johnson's cumulative error argument in *Johnson I* and allowed him to raise this argument in a second appeal. See *Johnson*, 364 Ga. App. at 49 (5).

The police arrested Johnson when he returned to his residence later that day. The jury found Johnson guilty of rape and aggravated assault.[4]

After our remand in *Johnson I*, the trial court entered an amended order denying Johnson's motion for new trial. The court found that two of Johnson's prior convictions were admissible under OCGA § 24-6-609 (b) to rebut his claim that J. Z. was lying. This appeal followed.

1. Johnson argues that the trial court erred in finding that his prior convictions, which were over ten years old, were admissible under OCGA § 24-6-609 (b) for the purpose of impeachment. He contends that the court's admission of another felony conviction under OCGA § 24-4-413 diminished the need to admit the other convictions,[5] that the other convictions were similar to the charged offense, and that the State referenced the previous convictions as substantive evidence for the instant offenses.

---

[4] *Johnson*, 364 Ga. App. at 44.

[5] The trial court admitted a previous conviction for sexual assault under OCGA § OCGA § 24-4-413 (a). We held in *Johnson I* that the trial court did not abuse its discretion in admitting this conviction. See *Johnson*, 364 Ga. App. at 47 (2).

3

We review the trial court's admission of Johnson's prior convictions under OCGA § 24-6-609 for an abuse of discretion.[6] Under OCGA § 24-6-609 (b), evidence of a prior conviction used for impeachment purposes "shall not be admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." In considering whether to admit a prior conviction under this section, a court should consider the following non-exhaustive set of factors:

> (1) the nature, i.e., impeachment value of the crime; (2) the time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime, so that admitting the prior conviction does not create an unacceptable risk that the jury will consider it as evidence that the defendant committed the crime for which he is on trial; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.[7]

At trial, Johnson testified in his own defense and denied raping J. Z. As impeachment evidence, the State sought to introduce two prior convictions: a 2004

---

[6] *Johnson*, 364 Ga. App. at 44.

[7] (Citation and punctuation omitted.) Id. at 48 (3).

4

conviction pursuant to an *Alford* plea[8] for aggravated assault, as a lesser included offense of rape; and a 2007 conviction pursuant to an *Alford* plea for false imprisonment, simple battery, and hindering a person making an emergency telephone call. After an objection from Johnson, the court found that the convictions were admissible under OCGA § 24-6-609 (b). The court admitted the convictions during Johnson's cross-examination. The State questioned whether J. Z. and the other women from his previous convictions were lying, and Johnson again denied raping J. Z. and the other women.

During the State's closing argument, the State argued:

> Now, on the stand, the defendant admitted that he pled guilty to cases involving three other women. And I repeatedly asked this question, and it became clear that [Johnson] wants you to believe that all these women lied, none of them were telling the truth, and that the only thing he is guilty of is prostitution. That's the only thing he ever did wrong was prostitution. But he pled guilty to everything but prostitution.
>
> By his own admission on this stand, all of his victims in all of these cases are prostitutes. He picks his victims. He is a predator and has been a predator since 2002. And I asked him, so you pled guilty to these

---

[8] See *North Carolina v. Alford*, 400 U. S. 25, 38 (91 SCt 160, 27 LE2d 162) (1970) (holding that a trial court can accept a guilty plea when there is a strong factual basis for the plea and the defendant clearly expresses a desire to enter it despite the defendant's claim of innocence).

things but you didn't commit these crimes? And, again, he told you the only thing I'm guilty of is prostitution. But none of those certified convictions listed prostitution. Those certified convictions listed aggravated assault, they listed false imprisonment, they listed hindering a person from making an emergency phone call. Not one of those charges was prostitution.

During the jury charge, the court instructed: "You have received in evidence prior convictions of the defendant. You may consider this evidence only insofar as it may relate to attacking the credibility of the defendant and not for any other purpose or count."

After our remand in *Johnson I*, the trial court found that it properly admitted the two prior convictions under OCGA § 24-6-609 (b). The court reasoned that, although the prior convictions were generally not considered crimen falsi and bore some similarity to the instant offenses, the prior convictions were only 11-13 years old and Johnson's credibility was central to the case.

Under these circumstances, and given the trial court's balancing of the five-factor test, the court did not abuse its discretion in admitting the two prior convictions. "[T]he probative value of [Johnson's] prior conviction[s] was high

6

because his credibility was central to the outcome of his trial."[9] We have affirmed the admission of older convictions under the former version of OCGA § 24-6-609 (b) where the defendant's credibility was a central issue.[10] Moreover, "the trial court reduced the risk of unfair prejudice by instructing the jury that [Johnson's] prior conviction[s were] being admitted [solely] for the jury to consider in determining his truthfulness."[11]

2. Johnson argues that the cumulative effect of the court's errors requires a new trial. The Supreme Court of Georgia announced in *State v. Lane* that a defendant may argue that the cumulative effect of the trial court's evidentiary errors, even if individually harmless, prejudiced the defendant.[12]

---

[9] *Jones v. State*, 352 Ga. App. 380, 389 (2) (b) (834 SE2d 881) (2019).

[10] See *Frazier v. State*, 336 Ga. App. 465, 469 (1) (b) (784 SE2d 827) (2016) (holding that the trial court did not abuse its discretion in admitting a 1979 rape conviction in a 2012 trial for rape) (physical precedent only); *Johnson v. State*, 328 Ga. App. 702, 709 (3) (b) (760 SE2d 682) (2014) (holding that the trial court did not abuse its discretion in admitting a 1989 conviction for terroristic threats in a 2012 trial for rape).

[11] *Jones*, 352 Ga. App. at 389 (2) (b).

[12] 308 Ga. 10, 17 (838 SE2d 808) (2020).

In *Johnson I*, in addressing two different claims of error, we held that the trial court did not plainly err in allowing certain testimony because the testimony did not affect the outcome below.[13] With respect to the first claim, the investigating officer testified that she believed J. Z., and we determined that this bolstering testimony did not affect the outcome because the testimony was brief, the jurors were able to hear from J. Z. directly, and because "it hardly would have surprised anyone observing the trial to learn that law enforcement believed J. Z.'s accounts[.]"[14] Regarding the second claim, we held that while the exact words of "white lady" or "white bitch" that Johnson's father and brother communicated to the neighbors may have been hearsay, Johnson failed to demonstrate prejudice because "the most probative part of the testimony — that two men were driving down the street looking for J. Z. — was admissible at trial."[15]

---

[13] See *Johnson*, 364 Ga. App. at 46 (1), 49 (4).

[14] Id. at 46 (1).

[15] Id. at 49 (4).

Given our conclusions above and the other evidence presented at trial, Johnson has failed to demonstrate that the cumulative effect of these errors requires a new trial.[16]

*Judgment affirmed. Barnes, P. J., and Land, J. concur.*

---

[16] See *Park v. State*, 314 Ga. 733, 745 (4) (879 SE2d 400) (2022); see also *Haufler v. State*, 315 Ga. 712, 722 n.14 (2) (884 SE2d 310) (2023).